IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00216-GPG

BRUCE EDWARD PETERSON,

    Plaintiff,

v.

RAE TIMME, F.C.F. Warden,
JOHN SUTHERS, Attorney General,
CITY AND COUNTY OF DENVER CO., et al.,
DENVER COUNTY POLICE DEPARTMENT, et al.,
OFFICER RUDY MANZANARES,
TRAVIS WILLIAMS, Detective,
JOSEPH RIVERA, Investigator, and
U.S. DISTRICT COURT JUDGE R. BROOKE JACKSON,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Bruce Edward Peterson, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Peterson has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution have been violated.

    The Court must construe the Prisoner Complaint liberally because Mr. Peterson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Peterson's claims in the Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the Prisoner Complaint, or any portion of the Prisoner Complaint, that is frivolous or that seeks monetary relief from a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Prisoner Complaint pursuant to § 1915A(b).

Mr. Peterson's claims in this action arise out of his efforts in state and federal court to challenge the validity of his criminal conviction and sentence.

> Peterson was convicted in Colorado state court of enticement of a child, attempted sexual assault, and indecent exposure. Peterson filed both a postconviction motion under Colo. R. Crim. P. 35(c) and a direct appeal. The Colorado Court of Appeals denied the Rule 35(c) motion and affirmed the conviction. Peterson petitioned the Colorado Supreme Court for writ of certiorari, which was denied on November 15, 2010.
>
> In November 2011, Peterson filed a § 2254 habeas petition in the United States District Court for the District of Colorado. Peterson's petition alleged: (1) judicial misconduct by the trial court; (2) an unreasonable verdict unsupported by the evidence; and (3) ineffective assistance of counsel. On April 5, 2012, the district court dismissed Peterson's first two claims as procedurally barred after determining that Peterson failed to exhaust state remedies. The district court also ordered further briefing on the ineffective assistance of counsel claim.

> In October 2012, the district court denied Peterson's ineffective assistance of counsel claim. Holding that Peterson's claims were conclusory and that they failed to show prejudice, the court issued a final judgment dismissing Peterson's habeas petition.

*Peterson v. Timme*, 509 F. App'x 830, 831 (10th Cir.), *cert. denied*, 134 S. Ct. 258 (2013). On appeal from the dismissal of Mr. Peterson's § 2254 habeas petition, the United States Court of Appeals for the Tenth Circuit denied Mr. Peterson a certificate of appealability and dismissed the appeal. *See id.*

Mr. Peterson asserts three claims for relief in the Prisoner Complaint. He first claims he was denied due process in connection with his § 2254 habeas corpus petition in District of Colorado case number 11-cv-03003-RBJ because the Honorable R. Brooke Jackson erred in determining two of his claims were unexhausted and procedurally barred. Mr. Peterson asserts in his second claim that his right to due process was violated because he was denied relief in the state court postconviction proceedings. In his third claim Mr. Peterson challenges the final judgment entered in case number 11-cv-03003-RBJ.

Mr. Peterson lists eight Defendants in the caption of the Prisoner Complaint but he makes specific allegations of personal participation against only Judge Jackson. Allegations of "personal participation in the specific constitutional violation complained of [are] essential." *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). Therefore, because Mr. Peterson fails to allege facts that demonstrate personal participation by any Defendant other than Judge Jackson, the claims against the Defendants other than Judge Jackson are legally frivolous and must be dismissed.

Mr. Peterson's claims against Judge Jackson also are legally frivolous and must

be dismissed. For one thing, Mr. Peterson cannot state an arguable § 1983 claim against a judge merely because the judge ruled against him in prior litigation. Similarly, to the extent the Prisoner Complaint could be construed liberally to include allegations of personal participation against Defendants Rae Timme and John Suthers, the Respondents in case number 11-cv-03003-RBJ, Mr. Peterson cannot state an arguable § 1983 claim against those individuals merely because they prevailed in the prior litigation. Whatever arguments Mr. Peterson believes demonstrate his claims in case number 11-cv-03003-RBJ were dismissed in error could and should have been raised on appeal. Mr. Peterson availed himself of the opportunity to pursue an appeal and, as described above, the Tenth Circuit denied a certificate of appealability and dismissed the appeal.

Furthermore, even assuming Mr. Peterson could state an arguable claim against Judge Jackson based on his rulings in prior litigation, Judge Jackson would be entitled to absolute judicial immunity. Judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Mr. Peterson does not allege any facts that demonstrate Judge Jackson acted outside the scope of his absolute immunity with respect to his rulings in case number 11-cv-03003-RBJ. Therefore, the claims against Judge Jackson are barred by absolute judicial immunity and also must be dismissed for that reason. To the extent Mr. Peterson is seeking relief other than damages with respect to his claims against Judge Jackson, including a hearing in case number 11-cv-

03003-RBJ, such relief is not appropriate in this action.

For these reasons, the Prisoner Complaint will be dismissed. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed in their entirety pursuant to 28 U.S.C. § 1915A(b). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  13th  day of   February  , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court